## Levinthal Estate

*Abraham R. Levinthal,* for accountants.

KLEIN, P. J., April 13, 1954.—Bernhard L. Levinthal, also known as B. L. Levinthal, died on September 23, 1952, leaving to survive him his wife, Sarah B. Levinthal, and various issue whose names are set forth in the statement of proposed distribution, and leaving a will which was admitted to probate on October 14, 1952, when letters testamentary were granted. Proof of advertisement of notice thereof was produced to the auditing judge.

By his will the testator, after directing the payment of his debts and funeral expenses, bequeathed $500 to his sister, Rachel Leah Sobelman, and $5,000 to his wife, Sarah B. Levinthal. He further bequeathed to his son, Israel Herbert Levinthal, and to his grandson, Samuel Belkin, such books of his library as they might select for their personal use, and the remaining books he bequeathed to Rabbi Isaac Elchanan Theological Seminary and Yeshiva College. The residue of his estate he devised and bequeathed as follows: Twenty percent to each of his sons, Abraham A. Levinthal and Cyrus Levinthal; 10 percent to each of his sons, Israel Herbert Levinthal and Louis E. Levinthal; seven and one-half percent to each of his grandchildren, Selma Belkin and Richard Ehrlich; five percent to his great-

grandchild, Linda Belkin; 10 percent to his grandchildren and great-grandchildren, with the exception of those specifically mentioned in his will, share and share alike, and 10 percent to such charities and in such amounts as might be decided upon by his executors. . . .

All parties in interest are living except Rachel Leah Sobelman, sister of testator and legatee of $500, who is stated to have predeceased testator on May 30, 1948, leaving to survive her four children, Rose Friedson, Bernard W. Sobell, Nathan Sobelman, and Dora Lazar. As recited above, testator bequeathed 10 percent of his residuary estate to such charities and in such amounts as might be decided upon by his executors and the balance thereof he devised and bequeathed to his issue.

This is the first time that the application of section 14 (8) of the Wills Act of April 24, 1947, P. L. 89, has been presented to the present auditing judge since the act became effective on January 1, 1948. Section 14 (8) reads as follows:

"(8) Lapsed and Void Devises and Legacies; Substitution of Issue. A devise or bequest to a child or other issue of the testator or to his brother or sister or to a child of his brother or sister whether designated by name or as one of a class shall not lapse if the beneficiary shall fail to survive the testator and shall leave issue surviving the testator but shall pass to such surviving issue who shall take per stirpes the share which their deceased ancestor would have taken had he survived the testator; Provided, That such a devise or bequest to a brother or sister or to the child of a brother or sister shall lapse to the extent to which it will pass to the testator's spouse or issue as a part of the residuary estate or under the intestate laws."

In view of the fact that testator's issue receive 90 percent of the residuary estate, it seems clear that the

legacy to his sister lapses to the extent to which his issue are entitled to the residue. As to the remaining 10 percent, which passes to charities under the will, the gift does not lapse and is saved for the benefit of the issue of the deceased legatee. The language of the statute is clear, and there can be no question that it is applicable to the instant situation. The bequest of $500 to Rachel Leah Sobelman accordingly lapsed in the amount of $450, which will form part of that portion of the residuary estate which passes to testator's issue; and the balance of $50 will be awarded in equal shares to the four surviving children of Rachel Leah Sobelman, the deceased legatee. . . .

And now, April 13, 1954, the account is confirmed nisi.